IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LIVIA M. SCOTTO,<br><br>               Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII ET AL,<br><br>               Defendant. | 8:24CV350<br><br>MEMORANDUM AND ORDER |

      This closed matter is before the Court on what the Court construes as Plaintiff Livia M. Scotto's ("Scotto") motion for a subpoena filed on February 3, 2025, Filing No. 17, and two motions to reopen this case filed on May 27 and May 28, 2025, respectively, Filing No. 18; Filing No. 19. As explained below, all three motions will be denied and the Court will prohibit Scotto from filing any additional materials in this case.

      First, Scotto's motion for a subpoena consists of a Form AO 88B subpoena containing not only the case number for this case, but also case number 4:24PS3000, which corresponds to the Court's pro se correspondence designation in which the Court previously returned Filing No. 1, and case number 24-3102, which corresponds to the Eighth Circuit appellate case number for Scotto's appeal in the present case, *see* Filing No. 11.[1] Scotto appears to seek a myriad of non-specific documents and records from various foreign entities or individuals, but the Court cannot ascertain why Scotto would file such a request in this Court. The present case was merely opened to allow Scotto to prosecute an appeal of the Court's order returning materials submitted by Scotto. *See* Filing No. 1; Filing No. 4. Scotto's appeal has concluded, this case has not

---

[1] The motion also contains a case number that does not correspond to any case in this Court to which Scotto is a party but rather, presumably, corresponds to a case in a different court.

proceeded to service against any other party, and no discovery can now take place. Accordingly, Scotto's motion for a subpoena is denied.

Scotto has also filed two motions to reopen this case and identified the following as "grounds" for doing so: "legal liability professional malpractice, lawyer deceit injuries resulting harms cause in fact, on standing to Restatement of Torts 1st, 2nd, 3rd, 4th of Torts." Filing No. 18; Filing No. 19 at 4. Even liberally construed, Scotto offers no legal basis for "reopening" this case. Again, this case was only opened to allow Scotto to prosecute an appeal of the Court's order returning her submissions. The Eighth Circuit dismissed Scotto's appeal for lack of jurisdiction on October 22, 2024, and this action has finally concluded. Accordingly, Scotto's motions to reopen this case are denied.

The Court also notes that Scotto's second motion to reopen includes a document titled "Motion for a Stay and Additional Standing Notice to Judge Richard B. [sic] Kopf Notice in Opposition to Your Order and by Memorandum Dated July 16, 2020 . . . Motion to Show Cause[,] Motion to Disqualify Judge Kopf[,] Motion to Strike Order of Denied." Filing No. 19 at 1. This document appears to have been intended for filing in Case No. 4:19CV3011, which is a previous case filed by Scotto and which Judge Richard G. Kopf dismissed on February 24, 2020, Filing Nos. 7 & 8, Case No. 4:19CV3011, because Scotto failed to file an amended complaint after the Court determined on initial review that her complaint failed to meet the minimal pleading standard set forth in Federal Rule of Civil Procedure 8 and was nonsensical and incoherent, Filing No. 6, Case No. 4:19CV3011. Judge Kopf entered an order on July 16, 2020, denying Scotto's "unintelligible and difficult to decipher" post-judgment motion which "appear[ed] to seek consolidation and/or reinstatement of several appeals from

various federal court cases filed in other districts" among other things. Filing No. 23, Case No. 4:19CV3011. To the extent Scotto may be seeking any relief with respect to Case No. 4:19CV3011, Scotto's motion is filed in contravention of the undersigned's August 14, 2024, order barring Scotto from filing any additional materials in Case No. 4:19CV3011 and is, therefore, denied.[2] *See* Filing No. 37, Case No. 4:19CV3011.

As noted above, the Court imposed filing restrictions on Scotto's future filings in this Court in Case No. 4:19CV3011 given Scotto's lengthy history of nonsensical, frivolous filings in this and other federal courts around the country. *Id*. at 2–3 (noting Scotto's litigation history and Court's previous admonishments to Scotto). The Court now reiterates those filing restrictions here and will further bar Scotto from filing any additional materials in this or any other closed case as follows:

1. The Clerk of the Court is directed not to accept any additional filings from Plaintiff Livia M. Scotto in *any* of her closed cases. Any submissions sent by Scotto to this Court shall be referred to the Supervising Pro Se Judge, or his successor, for review, and the Clerk of the Court is directed not to file any such submission until this review has been completed.

2. The Supervising Pro Se Judge shall review any such tendered submission, and if it is determined that the submission is frivolous or nonsensical and filed in contravention of this Memorandum and Order, then the submission shall be returned to Scotto without filing. A record of any such submission and return shall be maintained by the Clerk in the CM/ECF system under the "PS" designation or as otherwise directed by the Supervising Pro Se Judge.

---

[2] The Court further notes that Scotto's requests for relief specific to Judge Kopf are moot as Judge Kopf retired in 2022 and passed away earlier this year.

3

3. The Court shall take no action on any submissions e-mailed or faxed to the Clerk of the Court or to any judge by Scotto and no e-mails or faxes submitted by Scotto will be filed or made part of the Court's records.[3]

4. Plaintiff Livia M. Scotto is advised that, while she is not prohibited from filing any new in forma pauperis actions, the Court will not hesitate to impose further filing restrictions should it appear she is abusing the privilege of proceeding in forma pauperis.

Based on the foregoing,

IT IS THEREFORE ORDERED that:

1. Scotto's motion for subpoena, Filing No. 17, and motions to reopen, Filing No. 18; Filing No. 19, are denied.

2. Scotto's future filings are limited as set forth in this Memorandum and Order.

Dated this 5th day of June, 2025.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge

---

[3] The Court notes that, recently, Scotto mistakenly faxed materials to Judge Peter Bataillon of the District Court of Douglas County, Nebraska, which materials were forwarded to the undersigned as the materials were captioned in this Court. Pursuant to the restrictions previously imposed and reiterated here, no action will be taken on Scotto's faxes.